UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KENNETH MITCHELL** | **CIVIL ACTION NO. 24-1531** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **TIM HOOPER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Petitioner Kenneth Mitchell, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed this Petition for Writ of Habeas Corpus on approximately November 4, 2024, under 28 U.S.C. §2254.[1] Petitioner attacks his convictions and sentences for aggravated rape and cruelty to the infirm. For the following reasons, the Court should dismiss this Petition.

### Background

Petitioner challenges his August 29, 2013 convictions from the Fourth Judicial District Court, Morehouse Parish, Docket Number 12-888F. [doc. # 4, p. 1]. On approximately December 3, 2018, however, Petitioner filed a habeas corpus petition before this Court under 28 U.S.C. § 2254, attacking the same convictions and sentences that he challenges here. *Kenneth Mitchell v. Darrel Vannoy*, 3:18-cv-1572 (W.D. La. 2019). In the prior proceeding, this Court dismissed Petitioner's petition with prejudice as technically exhausted and procedurally defaulted. *Id.* at Docs. 10, 12.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636, and the standing orders of the Court.

## Law and Analysis

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." RULE 9 OF THE RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS. The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Here, the instant Petition is a later-in-time petition that challenges the same judgment imposing the same sentences as Petitioner's earlier-in-time petition. This Petition is therefore successive.

In the prior proceeding, the Court dismissed the petition with prejudice as technically exhausted and procedurally defaulted. While a dismissal as procedurally defaulted does not include an examination of the merits of the claims, such a dismissal is considered an adjudication "on the merits" for purposes of determining whether a subsequent petition is successive. In *In re Bagwell*, 401 F.3d 312 (5th Cir. 2005), the court held that a state prisoner's later federal habeas

petition was "second or successive" even though courts did not reach the merits of the earlier petition and instead found it procedurally defaulted for failure to exhaust state remedies. *See Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994) ("A federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive."); *see also Bridget v. Louisiana State Penitentiary*, 2015 WL 5025453, at n.2 (W.D. La. Aug. 18, 2015); *Clark v. Cain*, 2009 WL 3242306, at *3 (W.D. La. Oct. 8, 2009).

Before this Court may consider a second or successive petition, Petitioner must, as stated above, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).[2] Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that this proceeding be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[3]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

---

[2] "Before a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[3] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Dismissal, rather than transfer, is warranted here.

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 7th day of January, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge